*737 OPINION OF THE COURT
CHAGARES, Circuit Judge.
In these consolidated appeals, Robert Nunez Tejada (“Robert”) and Juan Nunez Tejada (“Juan”) challenge their within-Guidelines prison sentences for illegally reentering the United States after having been deported for committing an aggravated felony. Robert and Juan argue that the District Court erred by refusing to grant them downward departures and variances based on mitigating circumstances. We disagree and will affirm.
I.
We write for the parties’ benefit and set forth only those facts necessary to resolve the appeals. On May 24,1990, Robert and his brother Juan were arrested by state authorities in Middlesex County, New Jersey, for possession with intent to distribute cocaine within 1,000 feet of a school. On April 22,1991, while awaiting disposition of these charges, Robert and Juan were arrested again in Middlesex County and charged with leading a narcotics trafficking network. On August 28, 1991, Robert was sentenced in state court to three years of imprisonment on the first charge, to run concurrently with a twelve-year sentence on the second charge. The same day, Juan was sentenced to four years of imprisonment on the first charge, to run concurrently with a ten-year sentence on the second charge. The two were later released on parole — Robert on October 23, 1995, Juan on November 2, 1994 — and were thereafter removed from the United States.
On October 23, 2007, Immigration and Customs Enforcement agents arrested Robert and Juan at a liquor store in Elizabeth, New Jersey. On January 24, 2008, they pleaded guilty in the District Court to one-count informations charging them with illegal reentry to the United States after having been removed for commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). The United States Probation Office prepared a Pre-Sentence Report (“PSR”) for both defendants, which calculated total offense levels of 21 and criminal history categories of III. Those calculations — which included three-level downward adjustments for acceptance of responsibility — set the applicable sentencing ranges at 46-57 months of imprisonment. On October 7, 2008, the District Court held back-to-back sentencing hearings for Robert and Juan, and adopted the PSRs without objection. It considered the factors set forth in 18 U.S.C. § 3553(a), rejected the defendants’ requests for downward departures and variances, and imposed within-Guidelines sentences of 50 months of imprisonment.[1] These appeals followed, and were consolidated upon a motion by the Government.[2]
II.
District courts in this Circuit must follow a three-step sentencing procedure. *738 First, they must calculate a defendant’s Guidelines sentence precisely as they would have before United States v. Booker, 548 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006). Second, they must formally rule on the motions of both parties, state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit’s pre-Booker case law, which continues to have advisory force. Id. Third, they are required to exercise their discretion by considering the relevant factors set forth in 18 U.S.C. § 3553(a) when selecting an appropriate sentence, irrespective of whether the sentence varies from the applicable Guidelines range. Id.
Robert and Juan do not challenge the District Court’s Guidelines calculation at step one. Instead, they argue that the District Court erred at step two by refusing to grant them a downward departure based on the “totality of things” — in essence, their attempts to cooperate with the Government and their extenuating family circumstances. Appendix (“App.”) 3. The District Court considered the motions, but chose not to grant departures. It concluded that although 18 U.S.C. § 3553(b) permitted it to depart from the Guidelines range upon aggravating or mitigating circumstances not adequately taken into consideration by the United States Sentencing Commission, no such circumstances existed in this case. App. 4-5, 14-15. We lack jurisdiction to review the District Court’s considered decision not to depart downward. United States v. Vargas, 477 F.3d 94, 103 (3d Cir.2007); United States v. Cooper, 437 F.3d 324, 333 (3d Cir.2006).
Robert and Juan also argue that the District Court failed adequately to consider their individual circumstances in fashioning appropriate sentences at step three. “To be procedurally reasonable, a sentence must reflect a district court’s meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a).” United States v. Lessner, 498 F.3d 185, 203 (3d Cir.2007); see also Tomko, 562 F.3d at 568. “[Ajfter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party ... [and] make an individualized assessment based on the facts presented.” Gall, 552 U.S. at 49-50, 128 S.Ct. 586. The court “should set forth enough to satisfy the appellate court that [it] has considered the parties’ arguments and has a reasoned basis for exercising [its] own legal decision-making authority.” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). “There are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record.” Cooper, 437 F.3d at 332.
Robert and Juan emphasize that upon reentering the United States, they led law-abiding lives for several years, raised and supported dependent families while doing so, attempted to cooperate with the Government upon apprehension, and have unequivocally accepted responsibility for their illegal reentry. App. 2-4, 6-8, 15. The District Court considered these arguments, but found them inadequate to warrant below-Guidelines sentences. After listing the § 3553(a) factors to be considered, the District Court stated as follows with respect to Robert:
[T]his Court takes into account the fact that Mr. Tejada is not new to federal law enforcement. After all, this case began with a felony conviction for being *739 involved in a drug trafficking network in 1991 That is the predicate for the deportation that occurred after the serving of a sentence issued in August of 1991.
Now, we can not underestimate the effect of coming into the country illegally. There is a purpose for the deportation policies set by our legislature, and that purpose is that persons who are not citizens of the United States who commit felonies should not enjoy the benefits and privileges of living in our [e]oun-try. They should not be here.
So, the fact that Mr. Robert Nunez Te-jada lived ... in anonymity and was otherwise law abiding, is of no consequence to this Court. Mr. Robert Nunez Tejada should not have been in the United States.
It matters not to this Court, nor the law, that his family was here. He committed a felony offense, and ... he had two felony offenses other than the instant offense.
The bottom line is, looking at his history and the characteristics and the nature and circumstances of this offense, a sentence outside of the guidelines would be untenable....
The other important factor that this Court takes into account in arriving at the appropriate sentence is an adequate deterrence to criminal conduct. There should not be a view by those who would act similarly that our government is not serious about the crime of illegal reentry. When felons are convicted and they reenter the United States, they will be charged and they’ll serve a sentence before they are deported. And it is that fact, that certainty, that will indeed provide a deterrent effect, and my sentence will reflect that certainty.
There are always casualties with regard to criminal conduct, and Mr. Nunez Te-jada should have thought of his family. They, unfortunately, will suffer from his absence here, and he once again, at the end of this sentence, will be deported....
App. 9-11. The District Court then imposed upon Robert a 50-month sentence. App. 11.
With respect to Juan, after again discussing the § 3553(a) factors generally, the District Court stated as follows:
Like his brother, Mr. Juan Nunez Teja-da has two felony convictions, one of which in 1991 reflected that he was the leader of a narcotics trafficking network, which led to his deportation, which leads us to the instance offense, illegal entry in 1995.
In my humble opinion, it matters not that he, too, apparently led an otherwise law-abiding life, because the predicate to his existence in the United States was breaking the law.
The seriousness of the offense and providing just punishment for the offense must include an element of deterrence, and that element is a substantial jail sentence, because it is clear that with regard to Mr. Juan Nunez Tejada, that he came back to the United States, it looks like within a mere five months from the time of the end of his 1991 sentence. So, it is important for this defendant, and others like [him who] are similarly situated, to understand that it is an imperative of the Court that those similarly situated be put in the position of serving a substantial jail sentence. Now, with regard to [§ ] 3553(a)(6), that statutory section would require this Court to mete out a similar sentence as was meted out to Robert Nunez Tejada, particularly given the fact that each brother has two felony convictions, each ... has pled here to illegal reentry and there are other factors that would make them appear to be almost identical for *740 consideration of the appropriate sentence in this matter.
App. 18-19. Accordingly, the District Court imposed a sentence of 50 months upon Juan as well. App. 20.
The record demonstrates that the District Court appropriately considered the relevant § 3558(a) factors in imposing sentence upon Robert and Juan. The court specifically addressed the nature and circumstances of the offense, as well as the defendants’ backgrounds, criminal histories, family circumstances, and apparent compliance with the law since returning to the United States. Rejecting their mitigation arguments, the District Court underscored the seriousness of illegally reentering the United States after having been deported for committing an aggravated felony, the need for just punishment and general deterrence, and the need to avoid unwarranted sentencing disparities among similarly situated defendants. The District Court’s discussion also squarely addressed the arguments advanced by the defendants in support of a variance. We find no cause to disturb the District Court’s reasoned analysis.
Finally, we conclude that the sentences the District Court selected — falling in the middle of the applicable Guidelines range — are substantively reasonable. See Tomlco, 562 F.3d at 568 (“[I]f the district court’s sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.”); Cooper, 437 F.3d at 330-31 (“While we review for reasonableness whether a sentence lies-within or outside the applicable guidelines range ... it is less likely that a within-guidelines sentence, as opposed to an outside-guidelines sentence, will be unreasonable.”).
III.
For the foregoing reasons, we will affirm the sentences imposed by the District Court.

. Although the sentencing hearings were conducted independently, counsel for Robert and Juan made identical arguments to the District Court in support of downward departures and variances. Unless stated otherwise, our references to counsel's arguments apply to both defendants.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the sentences imposed for reasonableness under an abuse-of-discretion standard. In so doing, we must assure ourselves that the District Court committed no significant procedural error and that the sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Tomko, 562 F.3d 558, 567-68 (3d Cir.2009) (en banc). Robert and Juan bear the burden of demonstrating procedural or substantive unreasonableness, Tomko, 562 F.3d at 567, and our review is "highly deferential.” United States v. Bungar, 478 F.3d 540, 543 (3d Cir.2007).